UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DANA NESSEL, et al.,<br><br>Defendants. | Case No. 23-13094<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Larry Dean Garrett, Jr., incarcerated at the United States Penitentiary in Tuscon, Arizona, filed a pro se civil complaint under 42 U.S.C. § §1983, bringing claims concerning his state court judgment and sex offender registration against Michigan Attorney General Dana Nessel, an unidentified court clerk for Wayne County Circuit Judge Bruce Morrow, Michigan Department of Corrections Probation Officer Norene Adams, and Michigan State Police LEIN Field Service Manager Kathleen Fay. ECF No. 1. He sues defendants in their official capacities and seeks injunctive relief and monetary damages. *Id.*

Garrett also filed an application to proceed without prepayment of fees or costs for this action under 28 U.S.C. § 1915(a)(1). ECF No. 2.  For the reasons stated herein, the Court denies the application to proceed without prepayment of fees or costs and dismisses without prejudice the pro se civil complaint pursuant to 28 U.S.C. § 1915(g).

**I.     Analysis**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In other words, this "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because the action was frivolous, malicious, or failed to state a claim upon which relief may be granted.  *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss

the complaint without prejudice when it denies the prisoner" pauper status under § 1915(g)).

Court records reveal that Garrett has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim. See *Garrett v. Pulliam*, No. 18-01160 (N.D. Ala. July 30, 2018); *Garrett v. Shelby Cty. Jail*, No. 17-01081 (N.D. Ala. Jan. 10, 2018); *Garrett v. Randolph Cty. Sheriff's Dep't.*, No. 16-00990 (M.D. Ala. Mar. 23, 2017). He has also been put on notice of his three-strike status and had a case dismissed on such a basis. See *Garrett v. Knighten*, No. 21-00089 (N.D. Ala. Apr. 6, 2021).

Consequently, Garrett is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, a prisoner must allege a "real and proximate" threat or prison condition presenting a danger of serious physical injury existing at the time the complaint is filed. See *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Here, Garrett alleges no such facts. He fails to show that he is under imminent danger of serious physical injury so as to

fall within the exception to § 1915(g). Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

## II. Conclusion

For the reasons above, the Court **DENIES** the application to proceed without prepayment of fees or costs and **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($52.00).

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: February 8, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge